UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

```
_____
                                )
In re application of            )
                                )
CMPC CELULOSE RIOGRANDENSE LTDA.,)
                                )   Misc. Civil No. 19-MC-00005 WES
For an Order Pursuant to 28 U.S.C.)
§ 1782 to Take Discovery of Factory)
Mutual Insurance Company.       )
                                )
_____)
```

**MEMORANDUM AND ORDER**

WILLIAM E. SMITH, Chief Judge.

Before the Court is Factory Mutual Insurance Company ("FM Global") and Mapfre Seguros Geraus S.A.'s ("Mapfre") Motion to Quash (ECF No. 5) a subpoena issued pursuant to this Court's previous Order granting CMPC Celulose Riograndense LTDA's ("CMPC") request for discovery pursuant to 28 U.S.C. § 1782. See 3/18/2019 Text Order. For the following reasons, the Motion to Quash is DENIED.

I. Background

CMPC is a Brazilian company and producer of various paper products. See Mem. of Law in Supp. of Mot. to Quash ("Mot. to Quash"), ECF No. 5-1. CMPC is directly insured by Mapfre, another Brazilian company. Id. at 2. FM Global is Mapfre's Rhode Island-based reinsurer. Id.

In February 2017 a recovery boiler at CMPC's industrial plant presented a leak. Id. CMPC filed an insurance claim with Mapfre and FM Global, but coverage was denied in October 2017. Decl. of Tomaz de Oliveria Tavares de Lyra ¶ 3-4 ("Lyra Decl."), ECF No. 5-3. In anticipation of contesting the denial in a soon to be filed arbitration against Mapfre, CMPC asked the state court of São Paulo, Brazil for an order to compel the disclosure of documents exchanged between Mapfre, FM Global, and insurance adjuster Addvalora Brasil Reguladora de Sinistros Ltda. ("Addvalora"). Id. ¶ 4. The state court of Brazil granted CMPC's request for technical reports but denied CMPC access to "private data[] resulting from relationships between third parties." Id. ¶ 10.

On March 11, 2019 CMPC filed a civil action against Addvalora in a Brazilian trial court. Mot. to Quash 5; Lyra Decl., ECF No. 5-3. Two days later, CMPC filed an ex parte application with this Court pursuant to 28 U.S.C. § 1782 to obtain documents exchanged between FM Global and Mapfre. (ECF No. 1). This Court granted the application and CMPC served a subpoena on FM Global the next day. Mot. to Quash 5. FM Global responded by moving to quash. Id.

In its motion, FM Global relies primarily on Republic of Kazakhstan v. Biedermann International, 168 F.3d 880 (5th Cir. 1999) and NBC v. Bear Stearns & Co., 165 F.3d 184, 190 (2d Cir. 1999) to argue that Congress never contemplated whether international arbitral tribunals were susceptible to § 1782. Mot. to Quash

2

7. FM Global alleges CMPC knew the arbitral tribunal serving as the forum for their dispute would not satisfy 28 U.S.C. § 1782, and that with that knowledge, CMPC initiated a sham lawsuit against Addvalora to create a foreign tribunal suitable for obtaining discovery under the statute. Id. at 2. FM Global further alleges CMPC's application is an improper attempt to bypass the decision rendered by the Brazilian State Court and that their requests are unduly burdensome. Id.

II. Legal Standard

A court is authorized to consider a discovery request pursuant to 28 U.S.C. § 1782 when: (1) the person from whom discovery is sought "resides or is found" in the district where the application is filed; (2) the discovery sought is "for use in a proceeding" before a "foreign or international tribunal;" (3) the application is made by an "interested person;" and (4) the discovery sought is not protected by any "legally applicable privilege." 28 U.S.C. § 1782(a); see Intel Corp. v. Advanced Micro Devices, Inc., 542 U.S. 241, 246 (2004).

If an application meets the statutory requirements under § 1782, a district court must consider whether the following discretionary factors weigh in favor of the request: (1) whether the person from whom discovery is sought is a participant in the foreign proceeding; (2) the receptivity of the foreign tribunal to U.S. judicial assistance; (3) whether the § 1782 application is an

3

attempt to "circumvent foreign proof-gathering restrictions"; and (4) whether the documents sought are "unduly intrusive or burdensome." Intel, 542 U.S. at 264. While each discretionary factor "bear[s] consideration" and is balanced against the request, no factor is dispositive. Id.

III. Discussion

    A.   "Foreign International Tribunal"

Turning to the facts here, the Court concluded that the Arbitration and Mediation Center of Brazil-Canada Chamber ("CAM-CCBC") where CMPC is involved in arbitration proceedings against Mapfre is a "foreign or international tribunal" for purposes of 28 U.S.C. § 1782. FM Global and Mapfre rely on the Fifth Circuit's holding in Republic of Kazakhstan that private international arbitrations do not qualify as "foreign or international tribunals." 168 F.3d at 882. Congress directly contradicted this holding by broadening the language of the statute in a 1964 amendment. The Supreme Court in Intel provides a lengthy discussion of the statute's legislative history. 542 U.S. at 258. The Court highlighted that in the 1964 amendment, Congress changed the statutory language from "any judicial proceeding" to "any foreign or international tribunal." Id. The term "tribunal" thus broadened the statute to include "administrative and quasi-judicial proceedings." Id. The Court also quoted a principal drafter of the amendment who defined "tribunal" as including "investigating magistrates, administrative

4

and arbitral bodies." Id.; see also In re Babcock Borsig AG, 583 F. Supp. 2d 233, 239 (D. Mass. 2008) ("Although this quotation in Intel is as a formal matter dicta, its considered inclusion offers meaningful insight regarding the Supreme Court's view of arbitral bodies in the context of § 1782(a).").

Since Intel, numerous courts in this circuit have agreed that Congress added the term "tribunal" to broaden the scope of the statute and that the term "is commonly used and understood to describe arbitral bodies." Babcock, 583 F. Supp. 2d at 238; In re Republic of Ecuador v. Douglas, 153 F. Supp. 3d 484, 487 (D. Mass. 2015); see also Chevron Corp. v. Shefftz, 754 F. Supp. 2d 254, 260 (D. Mass. 2010)("[I]nternational arbitral bodies operating under UNCITRAL rules constitute 'foreign tribunals' for purposes of § 1782."). Even if the CAM-CCBC was not a "foreign or international tribunal," the Addvalora litigation alone would provide a sufficient basis to grant CMPC's § 1782 petition. Accord Gov't of Ghana v. ProEnergy Servs., LLC, No. 11-9002-MC-SOW, 2011 WL 2652755, at *3 (W.D. Mo. June 6, 2011) (concluding that even if an arbitral tribunal were not a proceeding under Section 1782, the existence of litigation alone would provide a sufficient basis to grant the petitioner's Section 1782 petition). Indeed, the United States District Court for the Western District of Louisiana held in In re CMPC Celulose Riograndense LTDA that although the foreign arbitral in question here is not a "foreign or international tribunal"

according to Fifth Circuit precedent, it does not "preclude the application of § 1782 here" because the pending civil litigation against Addvalora is sufficient under § 1782. Mem. & Order ("Mem. & Order") at 7, In re CMPC Celulose Riograndense LTDA v. Boiler Services Inspection, LLC, No. 19-0015 (W.D. La. Mar. 13, 2019), ECF No. 20[1]; see also In re Sampedro, No. 3:18-MC-47 (JBA), 2018 WL 5630586, at *2 (D. Conn. Oct. 30, 2018) ("Where a district court authorizes Section 1782 discovery for use in one foreign proceeding, it need not analyze every foreign proceeding in which the petitioner is involved under the [Section] 1782 and Intel framework.").

B. "Circumventing Foreign Proof-Gathering Restrictions"

FM Global and Mapfre's argument as it relates to circumventing Brazilian law is unpersuasive for two reasons. First, CMPC's discovery request pertains to documents within the United States, thus United States law — and not Brazilian law — governs CMPC's application. Second, CMPC is "not required to show that the information [it] seek[s] would be discoverable (or admissible) in

---

[1] On March 14, 2019 the United States District Court for the Western District of Louisiana granted CMPC's ex parte application pursuant to 28 U.S.C. § 1782 to obtain discovery from Boiler Service Inspections, L.L.C. ("BSI"). Mem. & Order 1. BSI was appointed as a technical consultant to Addvalora and recommended that coverage be denied to CMPC. Id. at 2. BSI and FM Global moved to vacate, or in the alternative, quash the subpoena issued pursuant to § 1782. Id. at 1. The motion was denied as it related to BSI. Id. at 14.

6

the [foreign] litigation." Minis v. Thomson, No. 14-91050-DJC, 2014 WL 1599947, at *2 (D. Mass. Apr. 18, 2014); see also Intel, 542 U.S. at 260-62. In any event, CAM-CCBC has ordered that any documents obtained through the § 1782 process and offered as evidence will be examined to determine their admissibility. Decl. of Rodrigo Cogo ¶ 27-28 ("Cogo Decl."), ECF No. 1-2; CMPC Mem. of Law in Opp'n. to Mot. to Quash 23, Ex. A ¶ 7.4.1, ECF. No. 11-1. Consequently, there is no risk of unfairness as the documents FM Global and Mapfre are attempting to shield may not even be used in the arbitration "because the tribunal could always limit the admissibility of the evidence once received." In re Chevron Corp., 762 F. Supp. 2d 242, 251 (D. Mass. 2010).

    C.    Undue Burden

A court must consider "the relevance of the documents sought, the necessity of the documents sought, the breadth of the request, [and] expense and inconvenience" to determine whether a subpoena "subjects a person to undue burden." Fed. R. Civ. P. 45(c)(3)(A)(iv); Garcia v. E.J. Amusements of N.H., Inc., 89 F. Supp. 3d 211, 215 (D. Mass. 2015). CMPC's document requests are sufficiently "relevant to [their] claim" and "proportional to the needs of [each] case" such that they do not pose an undue burden on FM Global. See Fed. R. Civ. P. 26(b)(1).

CMPC's requests highlight FM Global's active role as Mapfre's reinsurer both before and after the recovery boiler incident. The

requests refer to specific meetings FM Global attended in Brazil, conference calls between FM Global, CMPC, and Addvalora, policy renewal and hiring decisions made by FM Global, and decisions surrounding denied coverage to CMPC. Mot. to Quash Ex. A, ECF No. 5-2; Lyra Decl. ¶ 7, ECF. No. 5-3. Each of the connections identified between FM Global and CMPC are directly relevant to CMPC's insurance claims in the foreign proceedings. The relevance of the requested documents is further reinforced by FM Global's risk of bearing "the greatest share of the fault" should CMPC prevail in the arbitration against Mapfre. Cogo Decl. ¶ 47, ECF No. 1-2; CMPC Mem. of Law in Opp'n. to Mot. to Quash 33, ECF No. 14. The burden is on Mapfre and FM Global to show that "the subpoena imposes an undue burden" and they "cannot rely on [their] mere assertion that compliance would be burdensome and onerous" when CMPC seeks $277 million in the arbitration against Mapfre and $1 million in its lawsuit against Addvalora. Saucedo v. Gardner, No. 17-CV-183-LM, 2017 WL 10109878, at *3 (D.N.H. Oct. 27, 2017); Reply Mem. in Supp. of Mot. to Quash, ECF. No. 20. The nature of CMPC's requests and the magnitude of each legal proceeding, coupled with FM Global's significant financial interest in the outcome, outweighs the proposed burden on FM Global.

D.   Conclusion

For the foregoing reasons, FM Global and Mapfre's Motion to Quash (ECF No. 5-1) is DENIED.

IT IS SO ORDERED.

/s/ William E. Smith
_____
William E. Smith
Chief Judge
Date:  July 9, 2019